UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shannon N. Chestnut,<br><br>            Plaintiff,<br><br>v.<br><br>United States of America, Center for Orangutan and Chimpanzee Conservation Inc., Save the Chimps Inc., US Fish and Wildlife Services, US Department of the Interior, Department of Justice, John Does 1-99<br><br>            Defendants. | C/A No. 4:25-9700-JD-KDW<br><br>REPORT AND RECOMMENDATION |

      Plaintiff, proceeding pro se, brought this action against Defendants under the Endangered Species Act ("ESA"),[1] the Administrative Procedures Act ("APA"), and South Carolina public nuisance law seeking to prevent Defendants from allegedly violating the ESA by committing a prohibited "take" of endangered species through family separation, harassment, or other harm. Compl., ECF No. 1. This matter comes before the court on Plaintiff's Motion for Preliminary Injunction filed on August 6, 2025. ECF No. 5. Defendants United States of America, U.S. Fish and Wildlife Service, U.S. Department of the Interior, and the U.S. Department of Justice (collectively, the "Federal Defendants")[2] filed a response opposing Plaintiff's Motion on August

---

[1] The ESA makes it unlawful for any person subject to the jurisdiction of the United States to take any endangered species of fish or wildlife within the United States. 16 U.S.C. § 1538 (a)(1)(B). "Take" is defined as "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19).

[2] Counsel for the Federal Defendants indicated she was entering a limited notice of appearance in this case for the purpose of responding to this motion as Defendants had not yet been served with the lawsuit, and the Federal Defendants have not waived service. ECF No. 14. <u>To date, it does</u>

20, 2025. ECF No. 15. Plaintiff did not file a reply. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

I. Factual Background

In her Statement of Facts, Plaintiff describes the chimpanzee family groups at Myrtle Beach Safari Park and specifically outlines the medical condition of one chimpanzee in particular named Joey. ECF No. 5-1 at 3-6. Plaintiff notes that the litigation stems from "criminal forfeiture proceedings initiated against Bhagavan 'Doc' Antle and Andrew Sawyer. Both men were indicted for money laundering, with Antle also facing charges for Lacey Act[3] violations." *Id.* at 6. In their response brief, the Federal Defendants discuss at length the forfeiture proceedings in the federal criminal case found at *United States v. Antle*, No. 4:22-cr-580-JD. The Federal Defendants indicate that Antle illegally acquired three of the chimpanzees at issue in this matter (Angada, Tara, and Vanera) from a facility in Florida, paid $200,000 each for the animals, and illegally transported them to Myrtle Beach Safari. ECF No. 15 at 12. The Federal Defendants

---

not appear that Plaintiff has served any Defendant in this matter although summonses were issued on August 8, 2025. ECF No. 12.

[3]Under the Lacey Act It is unlawful for any person—

**(1)** to import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States or in violation of any Indian tribal law;
**(2)** to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce--
**(A)** any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State or in violation of any foreign law[.]

16 U.S.C. § 3372 (a)(1)-(2)(A). Furthermore, "[a]ll fish or wildlife or plants bred, possessed, imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of section 3372 of this title (other than section 3372(b) of this title), or any regulation issued pursuant thereto, shall be subject to forfeiture to the United States notwithstanding any culpability requirements for civil penalty assessment or criminal prosecution included in section 3373 of this title." 16 U.S.C. § 3374(a)(1).

also note that Andrew Sawyer resided in a home on the Myrtle Beach Safari property and was employed as an animal caregiver and tour guide. When Sawyer moved to the Myrtle Beach property he brought with him the chimpanzee named Joey, who had been the subject of prior litigation with PETA [People for the Ethical Treatment of Animals]. *Id.* at 13. In addition to the wildlife trafficking activity, Antle and Sawyer were involved in a money laundering conspiracy. *Id.* In 2022, a ten-count indictment was returned against Antle and four co-conspirators, including Sawyer. *Id.* at 14. Antle was charged with wildlife trafficking and false labeling under the Lacey Act, ESA violations, money laundering, and conspiracy to commit money laundering; Sawyer was charged with money laundering. *Id.* The indictment included forfeiture allegations pursuant to the Lacey Act's forfeiture provision. *Id.*

A Criminal Information was filed against Antle in October 2023, charging him with one count of conspiracy to violate the Lacey Act, and one count of conspiracy to commit money laundering. He pleaded guilty to the counts in the Information and agreed to voluntarily surrender and not contest the forfeiture of the chimpanzees. ECF No. 15 at 15. A Criminal Information was entered against Sawyer in December 2023 charging him with one count of conspiracy to commit money laundering to which he pleaded guilty. *Id.* As part of his plea agreement, Sawyer agreed to voluntarily surrender and not contest the forfeiture of the chimpanzee Joey. *Id.* The criminal court entered preliminary orders of forfeiture determining the chimpanzees were subject to forfeiture under the provisions of the plea agreements. *Id.* Both Antle and Sawyer have been sentenced, and the preliminary orders of forfeiture were converted to final orders of forfeiture. *Id.* (*See United States v. Antle*, No. 4:22-cr-580-JD, ECF Nos. 331, 355; Sawyer Order, filed June 11, 2025; Antle Order, filed July 10, 2025).

Plaintiff filed her motion for preliminary injunction on August 6, 2025. However, according to the Federal Defendants, the Fish and Wildlife Services seized the four chimpanzees at issue on August 8, 2025, and they were transported to the Center for Great Apes sanctuary in Florida. ECF No. 15 at 25. Sawyer was given permission to travel with the chimpanzee Joey and help ease his transition to the new facility. *Id.* The United States has given blanket consent for Sawyer, while on probation, to travel to Florida to visit, assist with, care for, and interact with the chimpanzee Joey. *Id.* at 25-26.

II.     Standard of Review

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

III.    Analysis

Plaintiff seeks to enjoin Defendants "from removing or causing the removal of four endangered chimpanzees—Joey, Angada, Tara, and Vanara—from their established family groups and social environment at the Myrtle Beach Safari Park pending resolution of this action;

or in the alternative to stop the seizure and forfeiture action in a criminal matter and to allow the Plaintiff to intervene in that seizure and forfeiture action so that they may file a claim regarding the four chimpanzees." ECF No. 5 at 1. The Federal Defendants argue that Plaintiff is "unlikely to succeed on her claims in light of her procedural errors, failure to show that the United States' conduct falls within the ESA's definition of 'take,' and the doctrine of sovereign immunity." ECF No. 15 at 9.

In support of her request for a preliminary injunction, Plaintiff contends that the government intends to remove the four chimpanzees and transfer them to facilities in Florida but "has failed to provide any plan for maintaining the chimpanzees' established family structure during or after these forfeiture proceedings, despite being aware of the profound negative effects that tearing apart a chimpanzee family will have on each member." ECF No. 5-1 at 7. Plaintiff states that she "possesses a deep personal connection to the animals at Myrtle Beach Safari [and] derives significant personal, recreational, educational, and aesthetic benefits from observing animals in humane and familial settings, both in person and through various media." *Id.* She states that the proposed separation of the chimpanzees causes her "considerable distress and anguish, resulting in significant and particularized injuries that differ in kind and degree from those experienced by the general public." *Id.* at 8. Plaintiff argues that she has demonstrated a strong likelihood of success on the merits on her causes of action because Defendants' threatened actions would constitute a "take" under the ESA; their actions are arbitrary and capricious under the Administrative Procedure Act because they fail to consider the welfare of the chimpanzees, the requirements of the ESA, and alternative enforcement measures; and the harm to the

chimpanzees and resulting disruption of Plaintiff's interests constitute a public nuisance and inflict harm on the animals in violation of S.C. Code Ann. § 15-43-10(A) and § 47-1-40.[4]

Plaintiff asks this court, among other requests, to issue a preliminary and permanent injunction prohibiting Defendants from:

1. Seizing, removing, or taking custody of any animals currently housed at Myrtle Beach Safari as part of the money laundering investigation.
2. Separating the chimpanzee family or transferring individual chimpanzees to different facilities.
3. Treating living endangered species as ordinary assets subject to standard forfeiture procedures.
4. Taking any action that would constitute prohibited "take" of endangered species under the ESA.

ECF No. 5-1 at 25-25.

In response to these arguments, the Federal Defendants argue that Plaintiff is not likely to succeed on the merits because the "claims she brings under the APA are not properly raised under that statute and should have been pleaded as ESA-citizen suit claims." ECF No. 15 at 28. These Defendants also assert that even if Plaintiff had brought claims under the ESA's citizen-suit provision, she "failed to send the mandatory 60-day notice of intent to sue required by the statute" and it is unlike that she can show the rehoming of the four chimpanzees constitutes a "take" under the ESA. *Id.* The Federal Defendants further argue that Plaintiff's state-law

---

[4] S.C. Code Ann. § 15-43-10 declares that the use of buildings or places for lewdness and the like is a nuisance. Subsection (A) notes that a "person who erects, establishes, continues, maintains, uses, owns, occupies, leases, or releases any building or other place used for the purposes of lewdness, assignation, prostitution, repeated acts of unlawful possession or sale of controlled substances, or continuous breach of the peace in this State is guilty of a nuisance[.]" S.C. Code Ann. § 47-1-40 refers generally to the ill-treatment of animals and provides that a "person who knowingly or intentionally overloads, overdrives, overworks, or ill-treats an animal, deprives an animal of necessary sustenance or shelter, inflicts unnecessary pain or suffering upon an animal, or by omission or commission knowingly or intentionally causes these acts to be done, is guilty of a misdemeanor[.]"

nuisance claims are barred by the doctrine of sovereign immunity, which Defendants have not waived. *Id.* at 38.

The Federal Defendants argue that Plaintiff has failed to make a clear showing of irreparable harm as "she does not show beyond mere speculation that the chimpanzees will experience 'lasting psychological trauma' from the rehoming."[5] ECF No. 15 at 39. Further, Defendants argue that Plaintiff does not show how the rehoming will have species-level impacts or will prevent her from studying chimpanzee behaviors or social interactions. *Id.* at 39-40. The Federal Defendants also argue that the balance of equities and the public interest do not support Plaintiff's request for preliminary injunctive relief as "the harms faced by the United States and the public interest far outweigh any harm that [Plaintiff] may allegedly suffer." *Id.* at 41. These Defendants argue that the government has a strong interest in ensuring compliance with federal law and regulations, in the well-being and humane treatment of captive species subject to wildlife trafficking and listed as endangered, and in the protection and well-being of the public from any injuries that might occur resulting from close proximity to the chimpanzees. *Id.* at 41-43.

Plaintiff provided no response to these arguments made by the Federal Defendants. Having considered the parties' briefs and arguments, the undersigned finds that Plaintiff has not shown that she is likely to suffer irreparable harm and has not offered evidence that the chimpanzees at issue will suffer irreparable harm if they are relocated. Further, the undersigned finds that Plaintiff has not established a likelihood that she would eventually succeed on the

---

[5] As noted above in footnote 1, the ESA definition of "take" includes "harm." "Harm in the definition of 'take' in the Act means an act which actually kills or injures wildlife. Such act may include significant habitat modification or degradation where it actually kills or injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering." 50 C.F.R. § 17.3.

merits of her Complaint or that the public interest lies with granting the requested relief. Additionally, as noted by the Federal Defendants, the court handling the criminal matter had already entered its forfeiture orders on June 11 and July 10, 2025, well before Plaintiff filed this case on August 5, 2025, or sought this Preliminary Injunction on August 6, 2025, and by August 8, 2025, the chimpanzees had been seized and were rehomed in Florida. To the extent Plaintiff's state-law nuisance claims are applicable, the Federal Defendants are entitled to sovereign immunity. "Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent." *Lewis v. United States Gov't*, No. CV 2:17-887-RMG-BM, 2017 WL 4476317, at *4 (D.S.C. June 23, 2017), *report and recommendation approved,* No. 2:17-CV-0887 DCN, 2017 WL 4479497 (D.S.C. July 12, 2017) (citing *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to extend *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) to permit suit against a federal agency); *Global Mail Ltd. v. United States Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998) (holding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit)).

IV.     Conclusion and recommendation

Based on the foregoing, it is recommended that Plaintiff's Motion for Preliminary Injunction, ECF No. 5, be denied.

IT IS SO RECOMMENDED.

December 30, 2025                                          Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**