IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shannon N. Chestnut, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> United States of America, Center for ) <br> Orangutan and Chimpanzee ) <br> Conservation Inc., Save the Chimps ) <br> Inc., US Fish and Wildlife Services, ) <br> US Department of the Interior, ) <br> Department of Justice, John Does 1- ) <br> 99, ) <br> ) <br> Defendants. ) | Case No.: 4:25-cv-09700-JD-KDW <br><br> **ORDER** |

    This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 18), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Plaintiff's *pro se* Motion for Preliminary Injunction filed in connection with her claims under the Endangered Species Act, the Administrative Procedure Act, and South Carolina nuisance law.[1] (DE 5.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A.   **Background**

The Report accurately outlines the relevant factual and procedural background, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff Shannon N. Chestnut filed this *pro se* action alleging violations of the Endangered Species Act ("ESA"), Administrative Procedure Act ("APA"), and South Carolina nuisance law relating to the treatment, seizure, and transfer of several chimpanzees associated with Myrtle Beach Safari. (DE 1.)

Plaintiff thereafter moved for a preliminary injunction seeking to prevent the separation or relocation of the chimpanzees pending resolution of the case. (DE 5.) The Federal Defendants filed a response in opposition addressing, among other issues, Plaintiff's likelihood of success on the merits, the status of forfeiture proceedings involving the animals, sovereign immunity, and the absence of irreparable harm. (DE 15.) Plaintiff did not file a reply, and the briefing period expired without additional submissions.

B.   **Report and Recommendation**

On December 30, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's Motion for Preliminary Injunction be denied. (DE 18.) The Report concludes that Plaintiff failed to establish the required elements for preliminary injunctive relief, including a likelihood of success on the merits and irreparable harm, and further notes that the balance of the equities and the public interest do not favor the requested relief. Among other findings, the Report explains that (1) Plaintiff is unlikely to succeed on the merits in light of procedural deficiencies, sovereign

immunity concerns, and the absence of a statutory "take" under the ESA; (2) Plaintiff has not demonstrated a likelihood of irreparable injury to herself or the chimpanzees; and (3) the relevant forfeiture proceedings had already concluded, and the animals were subsequently rehomed prior to Plaintiff's request for injunctive relief. (*Id.*) Accordingly, the Magistrate Judge recommended that the Motion be denied.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. Upon review of the Report and the underlying record, the Court finds none.

**E.    Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 18) in its entirety and incorporates it herein by reference. Plaintiff's Motion for Preliminary Injunction (DE 5) is, therefore, **DENIED**.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 26, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.