IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shannon Chestnut, | ) | Case No.: 4:25-cv-09700-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America; Center for | ) | |
| Orangutan and Chimpanzee | ) | |
| Conservation, Inc.; Save the Chimps, | ) | |
| Inc.; U.S. Fish and Wildlife Services; | ) | |
| U.S. Department of the Interior; | ) | |
| Department of Justice; and John Does | ) | |
| 1-99, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")
of United States Magistrate Judge Kaymani D. West (DE 29), issued pursuant to 28
U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). The Report addresses
Plaintiff Shannon Chestnut's ("Plaintiff") failure to demonstrate proper service on
Defendants as required by Rule 4 of the Federal Rules of Civil Procedure.[1]

## A.     Background

The Court incorporates the factual and procedural background set forth in the
Report and summarizes only those matters necessary to explain this ruling.

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff, proceeding *pro se*, initiated this civil action on August 5, 2025, alleging that Defendants engaged in a prohibited "taking" of several chimpanzees in violation of the Endangered Species Act. (DE 1.) The next day, Plaintiff filed a Motion for Preliminary Injunction seeking to enjoin Defendants from removing four chimpanzees from their current environment at the Myrtle Beach Safari Park. (DE 5.)

On August 20, 2025, counsel for Defendants United States of America, U.S. Fish and Wildlife Service, U.S. Department of the Interior, and the U.S. Department of Justice entered a Limited Notice of Appearance for the sole purpose of responding to Plaintiff's Motion for Preliminary Injunction. Counsel noted that the Federal Defendants had not been served and did not waive service. (DE 14.) The Magistrate Judge then issued a Report and Recommendation recommending denial of Plaintiff's Motion for Preliminary Injunction (DE 18), which the Court adopted on January 28, 2026. (DE 22.)

Thereafter, an Order was entered advising Plaintiff that it did not appear any Defendant had been properly served. (DE 26.) The Order advised Plaintiff of her responsibility under Federal Rule of Civil Procedure 4 to serve a summons and complaint on each Defendant within the time prescribed by the Rule. Plaintiff was directed to provide proof of service and/or show good cause for failure to effect service by February 12, 2026. The Order further advised Plaintiff that failure to respond by March 2, 2026, could result in a recommendation of dismissal. Plaintiff failed to

provide proof of service, request an extension of time, show good cause, or otherwise respond to the Order.

## B.    Report and Recommendation

On March 9, 2026, the Magistrate Judge issued the present Report recommending that this case be dismissed without prejudice for failure to comply with Rule 4 of the Federal Rules of Civil Procedure. Alternatively, the Report recommends dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. (DE 29.)

The Report advised the parties of the right to file specific written objections and warned that failure to do so could waive appellate review. No objections were filed, and the time for filing objections has expired.

## C.    Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D.    Absence of Objections and Rule 4 Review

No objections have been filed, and the time for doing so has expired. After reviewing the Report and the record, the Court finds no clear error in the Magistrate Judge's recommendation that this action be dismissed without prejudice under Rule 4(m).

Rule 4(c)(1) provides that a plaintiff must serve a summons and a copy of the complaint within the time allowed by Rule 4(m). Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the Court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. If the plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period.

Plaintiff filed this action on August 5, 2025. Summonses were issued on August 8, 2025. The record reflects that Plaintiff did not timely serve Defendants. Plaintiff was specifically advised that the time for service had expired and was given an opportunity to provide proof of service, show good cause, and/or seek more time to serve Defendants. She did not do so. Nearly seven months had passed between the

issuance of the summonses and the Report, and Plaintiff had not demonstrated proper service on any Defendant.

Under these circumstances, dismissal without prejudice under Rule 4(m) is appropriate. The Court, therefore, adopts the Report's recommendation that this action be dismissed without prejudice for failure to comply with Rule 4 of the Federal Rules of Civil Procedure.

**E.    Conclusion**

After a thorough review of the Report and the record here, the Court finds no clear error. The Court adopts the Report (DE 29) to the extent it recommends dismissal without prejudice under Rule 4(m).

It is, therefore, ORDERED that this action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 5, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.